IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-635-FL

| | | |
|---|---|---|
| JEFF S. BERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SOUTHERN STATES | ) | |
| COOPERATIVE, INC., a Virginia | ) | |
| Corporation, SAMMY FIELDS, and | ) | |
| HANK GRADY, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 13). Plaintiff responded in opposition to the motion, and defendants timely replied. In this posture, the issues raised are ripe for ruling. For the reasons that follow, defendants' motion is granted.

## STATEMENT OF THE CASE

Defendants removed the present action to this court on December 28, 2017. Plaintiff asserts defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.. Plaintiff also asserts the following state law claims: intentional infliction of emotional distress, negligent infliction of emotional distress,[1] and negligent hiring and supervision. Plaintiff seeks compensatory and punitive damages, costs, and attorney's fees. Defendants filed the instant motion to dismiss on

---

[1] In his response in opposition to defendants' motion to dismiss, plaintiff voluntarily dismissed his claim for negligent infliction of emotional distress. (DE 18 at 14).

January 5, 2018. In support thereof, defendants argue that plaintiff has failed to allege conduct sufficient to give rise to sexual harassment claim for hostile work environment under Title VII.

**STATEMENT OF THE CASE**

The facts alleged in the complaint can be summarized as follows. Plaintiff was an employee of Defendant Southern States Cooperative. (Compl. ¶ 3). Defendant Fields was plaintiff's supervisor, and Defendant Grady was plaintiff's co-worker. (Id. ¶ 4). All individuals in this case are male. (Id. ¶¶ 11, 12). From around March 2016 until around November 8, 2016, defendants subjected Berry to harassment. (Id. ¶ 11). Defendant Fields allegedly subjected Berry to "unwelcome sexual comments on a frequent basis." (Id. ¶ 13). In one specific instance, he told plaintiff to "get on all fours so [Fields] could tap [Berry's] yellow ass." (Id.). Defendant Grady told plaintiff that he had a "hard on" and plaintiff needed to "take care of it." (Id. ¶ 14). Grady also allegedly exposed himself to Berry "on a number of earlier occasions." (Id. ¶ 15). Defendant Fields allegedly knew of Defendant Grady's acts but did not discipline him. (Id. ¶ 16). Defendant Fields also made sexual comments and requests to others he supervised. (Id. ¶ 17). Plaintiff eventually reported the incidents to Defendant Southern States Cooperative, but no action was taken to discipline either Fields or Grady. (Compl. ¶ 19). Plaintiff resigned in November 2016. (Compl. ¶ 20).

**COURT'S DISCUSSION**

A. Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); see also Edwards v. City of

Goldsboro, 178 F.3d 231, 243–44 (4th Cir.1999). A complaint states a claim under 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

"Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.     Analysis

   1.     Title VII Claim

In order to successfully state a claim for hostile work environment, plaintiff must allege "that the offending conduct (1) was unwelcome, (2) was because of [his] sex [or race], (3) was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment, and (4) was imputable to her employer." Bonds v. Leavitt, 629 F.3d 369, 385 (4th Cir. 2011) (quoting Ziskie v. Mineta, 547 F.3d 220, 224 (4th Cir. 2008)).

"An employee is harassed or otherwise discriminated against 'because of' his or her gender if, 'but for' the employee's gender, he or she would not have been the victim of the discrimination." Hoyle v. Freightliner, LLC, 650 F.3d 321, 331 (4th Cir. 2011) (citing Smith v. First Union Nat'l Bank, 202 F.3d 234, 242 (4th Cir. 2000)). Plaintiff must allege "the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted discrimina[tion] ... because of ...

sex." Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81 (1998) (internal quotations omitted).

To determine whether conduct is severe or pervasive, the court considers a variety of factors, including the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Okoli v. City Of Baltimore, 648 F.3d 216, 220 (4th Cir. 2011) (citing Faragher v. City of Boca Raton, 524 U.S. 775, 787–88 (1998)). Sufficiently severe conduct can constitute harassment, even if the conduct occurs in only one instance. Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 280–81 (4th Cir. 2015) (en banc). However, "[a]ctivities like simple teasing, offhand comments, and off-color jokes, while often regrettable, do not cross the line into actionable misconduct." E.E.O.C. v. Fairbrook Med. Clinic, P.A., 609 F.3d 320, 328 (4th Cir. 2010).

Plaintiff does not allege sufficient facts to show that acts committed against him would not have been made "but for" his being male. Hoyle, 650 F.3d at 331. Defendant Fields allegedly told plaintiff to "get on all fours so [Fields] could tap [Berry's] yellow ass," and made sexual comments and requests to other male employees he supervised. (Compl. ¶¶ 13, 17). Defendant Grady told plaintiff that he had a "hard on" and plaintiff needed to "take care of it." (Id. ¶ 14). Grady also allegedly exposed himself to Berry "on a number of earlier occasions." (Id. ¶ 15). However, the complaint does not sufficiently allege that defendants would treat similarly situated females differently, or other specific facts that would allow the court to reasonably infer that defendants' conduct was motivated by plaintiff's sex. Instead, plaintiff generally asserts a hostile work environment and relies on the fact that defendants "made similar comments and suggestions...to Berry and to other male employees." (Id. ¶¶ 13, 17, 22). Such general "assertions, standing alone,

are insufficient to sustain an actionable Title VII claim." Gilliam v. S. Carolina Dep't Of Juvenile Justice, 474 F.3d 134, 143 (4th Cir. 2007); see also E.E.O.C. v. Xerxes Corp., 639 F.3d 658, 676 (4th Cir. 2011) ("[A]llegations unsubstantiated by accounts of specific dates, times or circumstances, are too general [to support a claim for harassment].").

Even if the court were to infer defendants' actions were "earnest sexual solicitations," Fairbrook Med. Clinic, 609 F.3d at 327, defendants' conduct is not actionable because it is not severe or pervasive. Plaintiff generally asserts that Defendant Grady exposed himself "on a number of earlier occasions," and Defendant Fields made sexual comments on "a frequent basis." (Compl. ¶¶ 13, 15). Plaintiff's allegations are too general to support plaintiff's claim of harassment. Gilliam, 474 F.3d at 143; see also Xerxes Corp., 639 F.3d at 676. Plaintiff also points to two specific statements made by defendants (Compl. ¶¶ 13, 14). These statements, while crude, are properly characterized as "simple teasing, offhand comments, and off-color jokes," rather than actionable conduct. Fairbrook Med. Clinic, 609 F.3d at 328-29 (finding many personal remarks about colleague's breasts, as well as other lewd office behavior, actionable); see also Okoli, 648 F.3d at 221 (finding repeated propositioning and physical touching actionable).

Plaintiff argues that context matters, and that the court can simply infer that defendants' statements and actions were because of his sex based solely on the statements themselves. He argues that his case is actionable because his case involves an explicit request for sexual contact, that alone can constitute earnest sexual solicitation, and the court should infer sexual desire. However, plaintiff's argument fails because he overlooks the importance of context in determining whether an action is "because of" sex, even where those comments are "tinged with sexual connotations." Oncale, 523 U.S. at 81. In Fairbrook Med. Clinic, a case relied upon by plaintiff, the court emphasized that the use of "sex specific and derogatory terms," as well as sex specific propositioning

such as watching plaintiff pump her breasts, was sufficient to show defendants' comments were based on sex. Fairbrook Med. Clinic, 609 F.3d at 327. Here, defendants' alleged acts do not provide similar context from which the court can infer that defendants' acts were "because of" plaintiff's sex, but instead reflect general crudity in the workplace.

Plaintiff cites Okoli v. City of Baltimore to argue "repeated propositioning" goes beyond "simple teasing and offhand comments." 648 F.3d at 221. While plaintiff's legal argument is sound, he misapplies the law in his own case. In Okoli, the plaintiff had alleged twelve different instances of "fondling, kissing, propositioning, describing sexual activities, and asking intimate questions" over a span of four months. Id. at 220; cf. Ward v. Autozoners, LLC, No. 7:15-CV-164-FL, 2017 WL 3880656, at *2-3 (E.D.N.C. Sept. 5, 2017). Here, plaintiff has alleged two specific instances in which defendants made crude sexual statements, and generally alleged defendants engaged in other crude behavior around the workplace. "[W]hile no one condones boorishness, there is a line between what can justifiably be called sexual harassment and what is merely crude behavior." Ziskie, 547 F.3d at 228. The acts alleged by plaintiff are not sufficiently severe or pervasive to constitute sexual harassment.

Because the acts committed by defendant were not motivated by his sex, and alternatively the acts alleged by plaintiff are not severe or pervasive, the court dismisses plaintiff's Title VII claims against defendants.

2. State law claims

Pursuant to 28 U.S.C. § 1367(c)(3), this court has discretion to decline to exercise supplemental jurisdiction if the court "has dismissed all claims over which it has original jurisdiction." This statutory authorization grants the court the power to "dismiss the claim or, if it was removed, remand it to State court." Safar v. Tingle, 859 F.3d 241, 257 (4th Cir. 2017) (quoting

Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 616 (4th Cir. 2001)). Accordingly, given dismissal of Plaintiffs' only claim arising under federal law in the present case, this court declines to exercise supplemental jurisdiction over state law claims raised by plaintiff. Plaintiff's remaining state law claims are remanded to Wayne County Superior Court for further proceedings.

**CONCLUSION**

Based on the foregoing, defendants' motion to dismiss for failure to state a claim upon which relief can be granted, (DE 13), is GRANTED. Plaintiff's Title VII claims against defendants are dismissed without prejudice. Plaintiff's remaining state law claims are remanded to Wayne County Superior Court for further proceedings. The clerk is directed to close the case.

SO ORDERED, this the 13th day of September, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge